UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AFRENA NAZRENE KHAN,

        Plaintiff,

v.                                          Case No: 6:21-cv-1428-EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

### ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Supplemental Security Income ("SSI"), alleging October 1, 2018, as the disability onset date. (Doc. 26 at 1.) In a decision dated March 2, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 12.) Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 26), and the applicable law. For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision.

---

[1] On December 15, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 19.) Accordingly, the case was referred to the undersigned by an Order of Reference on January 20, 2022. (Doc. 22.)

## I.   ISSUE ON APPEAL

Plaintiff's sole issue on appeal is whether the ALJ applied the correct legal standards to the March 12, 2020 opinion of Plaintiff's treating rheumatologist, Javaid S. Sheikh, M.D.

## II.   STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.   ANALYSIS

Plaintiff states that the ALJ erred in evaluating the opinion of her doctor, Dr. Sheikh, of the Orlando Arthritis Institute, arguing that the ALJ failed to adequately consider the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c(b)(2). (Doc. 26 at 16.) Plaintiff further argues that this error, in turn, led the ALJ to err at step three of the sequential evaluation process. (*Id.* at 17–18.) The Commissioner argues in response that the ALJ's treatment of Dr. Sheikh's opinion

adequately addressed the factors of supportability and consistency, and even if it did not, any failure to do so was harmless. (Doc. 26 at 23–24.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

On March 12, 2020, Dr. Sheikh completed an Application for Disabled Person Parking Permit for Plaintiff. (Tr. 309.) This was a one-page, check-the-box form submitted to the Florida Department of Highway Safety and Motor Vehicles wherein Dr. Sheikh stated that Plaintiff needed a permanent disability permit due to severe limitations in her ability to walk without the use of an assistive device. (*Id.*)

The ALJ noted in her opinion that "Dr. Sheikh submitted an application for a disabled person parking permit, and noted Claimant has severe limitations and the inability to walk without the use of [a] device." (Tr. 25.) Later, in the opinion, the ALJ noted:

> Dr. Sheikh's opinions in the March 12, 2020 application for a disabled person parking permit, were made for the purpose of acquiring this permit. (Exhibit 18E). Further, the opinions were not fully explained or broken down in more specific limitations, which also infer these determinations were not meant as permanent work restrictions. Additionally, these opinions were in the form of checkmarks as a basic foundational reason for the application of the permit rather than as medical advice for restrictions. These opinions are unpersuasive.

(Tr. 31.) The ALJ ultimately did not account for the use of a walker or other assistive device in the RFC assessment. Therein, the ALJ determined that:

> [C]laimant has the RFC for sedentary work (20 CFR 416.967(a)) except occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, but never ladders, ropes, or scaffolds. Avoid: work at heights, work with dangerous machinery and dangerous tools, constant temperatures over 90°F and under 40°F, foot controls, constant pushing and pulling with the upper extremities, and bilateral overhead reaching. Work tasks should be 1-5 steps, and learned in 30 days.

(Tr. 23.) Using this RFC, the Vocational Expert ("VE") testified that Plaintiff could perform jobs such as a document preparer, parimutuel ticket checker, and call out operator, and thus, she was not disabled. (Tr. 32–33.)

While the ALJ's analysis of Dr. Sheikh's opinion adequately addressed the "supportability" factor, the ALJ did not address how Dr. Sheikh's opinion was inconsistent with other record evidence. *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."); *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM,

2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion.").

Specifically, the ALJ did not analyze the numerous inconsistencies in the record as to whether or not Plaintiff needed a walker to ambulate. For example, the ALJ noted at one point, Plaintiff's "[g]ait [was] normal; no assistive device is needed." (Tr. 23). However, the ALJ also recognized that Plaintiff was prescribed a walker at the hospital "for unknown reasons," and summarily concluded, "the evidence fails to support a need for same." (*Id.*) The ALJ then stated at one point that "Dr. Mesa noted Claimant complained of being unable to move her left leg and a few minutes after, was seen walking around without focal deficits." (Tr. 26.) At another turn, the ALJ stated Plaintiff's consultative psychologist saw her "on June 22, 2020 and observed gait was slow and effortful, as she was using a walker." (Tr. 27.) What the ALJ failed to do was contextualize Dr. Sheikh's opinion regarding Plaintiff's need for an ambulatory device and discuss its consistency (or lack thereof) with other record evidence.

Because the ALJ did not fully explain her consideration of the consistency factor with regard to Dr. Sheikh's opinion, the undersigned would ordinarily conclude that ALJ's determination is not supported by substantial evidence. *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-Orl-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (noting that when evaluating medical opinions under the new regulations, the ALJ must "*explain* his decision, particularly with respect to supportability and consistency") (emphasis in original).

However, the Commissioner goes on to argue that, even if the ALJ erred in rejecting Dr. Sheikh's opinion, the error was harmless, because, at step five, the VE testified that the use of a walker to ambulate would not preclude Plaintiff from performing the three jobs the VE identified. (Tr. 59.) Specifically, the ALJ asked the VE, "If the individual utilized a walked to ambulate, would that impact these jobs?" and the VE responded, "No." (*Id.*)

Thus, the Court agrees that such error was harmless because the application of Dr. Sheikh's limitation of a walker would not change the ALJ's consideration of jobs Plaintiff could perform in the national economy. *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (unpublished) (finding harmless error where ALJ failed to apply limitations set by Plaintiff's doctor where such limitations would have not changed the result). Based on the VE's testimony, the ALJ found that Plaintiff had the RFC to perform existing jobs in significant numbers in the national economy. And the VE testified that the jobs could be done with the use of an ambulatory device. Thus, the ultimate failure of the ALJ to articulate the inconsistency of Dr. Sheikh's opinion in light of the record evidence and why it was disregarded amount to harmless error.

Plaintiff counters that the ALJ's failure to properly evaluate Dr. Sheikh's opinion led the ALJ to err at step three. (Doc. 26 at 17.) There, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). At step three, the ALJ elaborated as follows:

> In making this finding, the undersigned has given particular consideration to Sections 1.00 et seq., Musculoskeletal System; and 11.00 et seq., Neurological Disorders. Despite Claimant's combined impairments, the medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.

(Tr. 23.)

Plaintiff argues that Dr. Sheikh's opinion that Plaintiff had an inability to walk without the use of an assistive device supported a finding that Plaintiff's spinal disorder equaled the requirements of Listing 1.04(C). (Doc. 26 at 17–18.) This does not appear to be accurate. As the Commissioner points out, Listing 1.04(C) requires a showing of lumbar spinal stenosis resulting in pseudoclaudication. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04C. (Doc. 26 at 27.) "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam) (citations omitted). Plaintiff has not pointed the undersigned to any documentation to conclude that Plaintiff has the required diagnosis to meet Listing 1.04(C).

## IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.  The Commissioner's final decision in this case is **AFFIRMED**.

2.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE